IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ERNEST BACA,**

      Plaintiff,

vs.                                                              Civ. No. 00-730 JC/DJS

**WILLIAM A. HALTER,[1] Acting Commissioner of Social Security,**

      Defendant.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[2]

1.    Pursuant to 28 U.S.C. Sec. 636(b)(1)(B) this matter was referred by the district judge for proposed findings and recommended disposition. The matter comes before the court on Defendant's Motion to Dismiss filed September 21, 2000. Defendant asserts that the court lacks jurisdiction over the subject matter on the grounds of *res judicata*. Plaintiff did not appeal the initial denial of

---

    [1] Pursuant to Fed.R.Civ.P. 25, William A. Halter, Acting Commissioner of Social Security is substituted for Kenneth S. Apfel, Commissioner, as the Defendant in this action. Mr. Halter was nominated by President Bill Clinton on October 1, 1999, and confirmed by the United States Senate on November 10, 1999. He was the first confirmed Deputy Commissioner of Social Security.

    [2] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

benefits. Plaintiff asserts he lacked the mental capacity to understand the procedures for requesting review of the unfavorable determination.

2. The provisions of the Social Security Act state that the only civil action permitted on any claim arising under Title II and Title XVI is an action to review the "final decision of the Secretary [Commissioner] made after a hearing." Califano v. Sanders, 430, U.S. 99, 108 (1977); 42 U.S.C. Secs. 405(g) and (h). It is only after the Appeals Council has denied review, or has granted review and issued its own decision that the Commissioner has rendered a "final decision" on a claim for benefits, which then is subject to judicial review pursuant to 42 U.S.C. Sec. 405(g).

3. Plaintiff filed an application for a period of disability and disability insurance benefits on April 15, 1994, alleging a disability since June of 1986. His application was denied initially on May 19, 1994. The claimant was informed that he was required to request reconsideration within 60 days of his receipt of the adverse initial determination and that determination would become binding upon him if he failed to do so. 20 C.F.R. Secs. 404.904, 404.909(a)(1), 416-1404, 416.1409(a) and 404.905., 416.1405.

4. On May 12, 1995, the Plaintiff filed another application for disability benefits alleging a disability since June of 1986. This application was denied at the initial and reconsideration levels, and an Order of Dismissal was entered by the Administrative

Law Judge (ALJ) on February 12, 1997.  The ALJ found that *res judicata* applied because there had been a final and binding determination of these issues made on May 16, 1994. 20 C.F.R. Secs. 404.957(c)and 416.1457(c).  Upon review of the Appeals Council, the matter was remanded to the ALJ to reconsider the dismissal and specifically the applicability of the "good cause" exception for late filing of an appeal under the provision of Social Security Rulings 91-5p and 95-1p.  When the Plaintiff established a mental impairment to the extent he lack the mental capacity to understand the procedures for requesting review, this is "good cause" for reopening under SSR 91-5p.

    5.   Plaintiff requested review of this decision and on April 5, 2000 the Appeals Council denied the request.  Additional documentation was received subsequent to the denial of the request for review and on May 10, 2000 the Appeals Council vacated its previous action and again issued, a denial of the request for review.  On May 18, 2000 a civil action was filed in the United States District Court for the District of New Mexico seeking review of that denial.

    6.   The United States Court of Appeals for the Tenth Circuit has held that a district court has no jurisdiction to review the Commissioners *res judicata* determination, unless a colorable constitutional violation has been alleged. <u>Nelson v. Secretary of Health and Human Services</u>, 927 F.2d 1109 (10th Cir. 1990).  Plaintiff

alleges that he has a colorable due process claim on two grounds. He alleges that he lacked the mental ability to understand his appeal rights when his first claim was denied in May of 1994. He also alleges that his due process rights were violated when the ALJ did not hold an additional hearing to consider the question of Plaintiff's mental competency. The record does not support Plaintiff's allegations.

7.   In January of 1997 the ALJ held a hearing in which Plaintiff's attorney questioned Plaintiff fully as to the nature and extent of his alleged mental and physical impairments. Reply Brief, Transcript, January 9, 1997. A review of the transcript shows that Plaintiff did not have any trouble understanding and responding fully to the questions asked. Plaintiff testified that he was seeing a counselor for depression and he was participating in group therapy for individuals abused as children. He started college in 1990, well after his alleged onset of a disability of 1986. He had completed credits equaling a year and half of college. He is goal-oriented. He is working toward a bachelor's degree in family counseling. Plaintiff did not testify to any limitations that his depression would have on working. Plaintiff is comfortable with the English language and it is clear that he is not illiterate, having succeeded in achieving more than a limited education. Plaintiff clearly did not meet the factors set out in SRR 91-5p.

8.   Plaintiff submitted two letters, dated October of 1993 and May of 1996 from his counselor, Daniel Blackwood, M.A. of Conflict

4

Management, Inc. Mr. Blackwood stated that he had been counseling the Plaintiff since October of 1992. Plaintiff came to him because of his depression related to his loss of employment. Mr. Blackwood determined that Plaintiff had chronic depression related to his abuse as a child. The abuse is the subject of the ongoing therapy, mentioned above. The initial weekly sessions were reduced to twice a month. Mr. Blackwood does not state that plaintiff is unable to function normally because of his depression. Plaintiff did not attach any treatment notes. There is no indication that Plaintiff has ever been hospitalized for mental problem or that he has seen a physician or referred to a physician for his depression. He is not on any psychiatric medications. At the hearing Plaintiff testified he has tried anti-depressants but will not use them because of their side effects on his sex life.

9. The ALJ further considered, pursuant to SSR 91-5p, what the Plaintiff thought the notice meant when he received it. Plaintiff thought it meant that he had six months to request a review. However, he offered no explanation why he did not take some action within six months of the denial. Rather he filed a new application almost one year later.

10. The fact that Plaintiff was not represented by counsel is only one factor to be considered. Having considered this factor the ALJ did not find it dispositive.

11. Plaintiff's second allegation does not allege a colorable constitutional claim. Plaintiff argues that when the Appeals

Council remanded his claim to the ALJ for consideration of his claim of mental incompetence, due process required a supplemental hearing before the ALJ.  This argument has been specifically addressed and rejected by the Tenth Circuit in <u>Blair v. Apfel</u>, 229 F.3d 1294 (2000). In light of <u>Blair</u> a hearing before the ALJ was not required in the instant case.

### Recommended Disposition

For these reasons, I recommend that Defendant's Motion to Dismiss be granted.

_____
**Don J. Svet**
**United States Magistrate Judge**